**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

FILED

MAY 2 7 2011

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| **ALIREZA BAKHTIARI**<br>Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| **Patricia Leader Frank Al-<br>Khaledy<br>(individual defendant)**<br>1405 South Hanley Road<br>Brentwood, MO   63144 | )<br>)<br>)<br>)<br>)<br>) |
| **Karl Petersen<br>(individual defendant)**<br>1405 South Hanley Road<br>Brentwood, MO   63144 | )<br>)<br>)<br>)<br>) |
| **Missouri College<br>(corporate defendant)**<br>1405 South Hanley Road<br>Brentwood, MO   63144 | )<br>)<br>)<br>) |

**4:11CV 000971TCM**

**Cause No.: 10-CV-
Jury Trial Requested**

**COMPLAINT**

Plaintiff, Alireza Bakhtiari, in *Pro Se*, sets forth his Petition, as follows:

**Introduction**

1.      Plaintiff, Alireza Bakhtiari ("Bakhtiari"), is an Iranian national, and is not domiciled in any state in the United States.

2.      Missouri College is a perpetual corporation, doing business within the state of Missouri, with the power to sue, and be sued.

3.      Patricia Leader Frank Al-Khaledy ("Frank") is an individual who works and lives in the state of Missouri and has in all relevant times. Frank is a departmental chair in Missouri College.

4.     Karl Petersen ("Petersen") is an individual who works and lives in the state of Missouri and has in all relevant times. Petersen is the president of Missouri College.

5.     The forgoing complaint makes references to a minor who is Frank's grand daughter. The complaint refers to her as AJR (DOB 2009) (Local Rule 5 - 2.17).

6.     This complaint is accompanied by a motion to file its two exhibits under seal.

7.     This is a Missouri law action, including 30 (XXX) counts, for damages caused by Defendants' breach of contract, torts of defamation, abuse of process, malicious prosecution, wrongful arrest and wrongful imprisonment.

### Jurisdiction

8.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1343 (Civil Rights), 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

### Venue

9.     This action lies properly in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b) as the unlawful practices complained of herein occurred within the Eastern District of Missouri.

### Statutes of Limitation

3.      All claims asserted herein have statute of limitation of 2 years in the state of Missouri. This complaint is within the timely limitation allowed.

### Liability Insurance

10.     Plaintiff has no knowledge of any liability insurance that any of Defendants might carry for the claims asserted in this action.

2

## FACTS COMMON TO ALL COUNTS

11.     Plaintiff was invited by Missouri College to join their faculty in business management department on or about November 2008.

12.     Plaintiff left Missouri College on or about April 2009 to pursue other teaching and research opportunities.

13.     Plaintiff and Missouri College were in a pre-litigation stage in the Missouri Commission on Human Rights ("MCHR") for an employment rights dispute. Those claims were resolved utilizing the in-house mediation program of MCHR.

14.     Plaintiff also sued Frank in State Court. Frank, who was married at the time, had an affair with Plaintiff for a month. Plaintiff sued Frank for malicious prosecution, which was also resolved by intervention of Missouri College for the benefits of a global release.

15.     In the two settlement documents, mentioned above, Plaintiff and Missouri College and Frank executed explicit non-disparagement clauses.

16.     Since early 2010, several students and alumni from Missouri College and other subsidiaries of CEC telephoned and emailed Plaintiff inquiring if Plaintiff would offer them job opportunities in Las Vegas (Nevada). These students emailed their **nude photographs** to Plaintiff and proposed themselves to Plaintiff to be recruited as massage therapists or dancers in Las Vegas. The flow of such disturbing requests and nude photos of students to Plaintiff, **as of the day of this filing, still continues.**

17.     Plaintiff insists to each student that he is not, in any way, in connection to massage therapy, dance or any other type of recruitment in Las Vegas. Plaintiff holds an office in Las Vegas-Nevada which serves patent litigation for pharmaceutical industries.

3

18.     After numerous of such phone calls and emails, Plaintiff wrote a letter to the legal counsel of Missouri College (headquartered at Career Education Corporation) and warned the Defendants of possible dissemination of false information or job-postings on their campuses, which would give rise to students or alumni seeking such employments from Plaintiff.

19.     On or about August 2010, Plaintiff was contacted by the St. Louis County (Missouri) Prosecutor to testify as a fact witness against Frank and her husband in a felony trial of Frank and her husband in St. Louis County. Plaintiff appeared and delivered testimony.

20.     On or about August 2010, Plaintiff was contacted by the Lincoln County (Missouri) Prosecutor to testify as a fact witness against Frank and her husband in a felony trial of Frank and her husband in Lincoln County. Plaintiff appeared and delivered testimony.

21.     On or about August 2010, Plaintiff was contacted by the Litigation Unit of the Department of Homeland Security to testify as a fact witness against Frank's husband in his deportation proceedings. Plaintiff appeared and delivered testimony.

22.     **In a mater of only days after Plaintiff testified against Frank and her husband,** on or about September 20, 2010 Defendants published a maliciously defamatory letter to KSDK 5 St. Louis, FOX 2 KTVI St. Louis, KMOV 4 St. Louis, KPLR 11 St. Louis and St. Louis Post Dispatch which also reached many other press organizations. In this letter defendants attack Plaintiff's character and accuse him of trafficking women including female students for sex **(Exhibit 1)**.

23.     Particularly, in the third paragraph of this letter defendants state:

**"Mr. Ali Bakhtiari (operating under Yantra Group Inc.) is a former Missouri College instructor. After leaving Missouri College Bakhtiari established a Las Vegas based business which includes recruiting and trafficking young women from St. Louis area to Las**

4

Vegas for erotic services. This business recruits Missouri College alumni and students in solicitous and erotic services. Such employments do not happen through Missouri College. Mr. Bakhtiari is responsible for the solicitous activities of his own employees even if they are Missouri College alumni or students."

24.     Particularly, in the fourth paragraph of this letter defendants state:

"Missouri College denies any ties to Mr. Bakhtiari and his questionable business activities."

25.     The calumnious statements in this letter are false. This letter is published with calculated intent and malice. Defendants published this letter in retaliation to Plaintiff's earlier litigations against them, also in retaliation to Plaintiff's testimony in Frank's criminal trials.

26.     Plaintiff has been bombarded with contacts and questions from the press since the day of publication of this letter to the media and he is currently living under the stigma caused by this letter.

27.     Defendants were fully aware of Plaintiff's cardiac conditions and his lack of ability to endure such stresses and other consequences of this action. But still, knowingly, they proceeded with their plan.

28.     Plaintiff's medical conditions, income and life style have been directly and substantially impacted by defendants' actions.

29.     On or about April 29, 2011 Defendants published a maliciously defamatory letter to KSDK, FOX 2, KTVI, KMOV, KPLR 11, Mississippi County Family Services and the Jefferson County Sheriff, which also reached many other press organizations. In this letter defendants attack Plaintiff's character and accuse him of abusing AJR and again accuse him of being a sex trafficker **(Exhibit 2)**.

5

30.     Jefferson County Sheriff investigated this letter. In the process of this investigation, Plaintiff has been wrongfully arrested, imprisoned and prosecuted.

31.     Jefferson County Sheriff determined that the natures and contents of these publications are retaliatory and false.

32.     The calumnious statements in this letter are false. This letter is published with calculated intent and malice. Defendants published this letter in retaliation to Plaintiff's earlier litigations against them, also in retaliation to Plaintiff's testimony in Frank's criminal trials.

33.     Plaintiff has been bombarded with contacts and questions from the press since the day of publication of this letter to the media and he is currently living under the stigma caused by this letter.

34.     Defendants were fully aware of Plaintiff's cardiac conditions and his lack of ability to endure such stresses and other consequences of this action. But still, knowingly, they proceeded with their plan.

35.     Plaintiff's medical conditions, income and life style have been directly and substantially impacted by defendants' actions.

### COUNT I: LIBEL TO St. Louis Post Dispatch, September 20, 2010

### (Missouri Law- All Defendants)

36.     Defendants published the defamatory statements.

37.     The publication identifies Plaintiff.

38.     The statements are false and inaccurate.

39.     The publications were made maliciously and with calculated intent.

40.     As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

6

   a.  Compensatory damages for his actual damages

   b.  His litigation fees and the costs and expenses of this action;

   c.  Punitive damages, and

   d.  Such other relief as the Court deems just and equitable.

## COUNT II: BREACH OF CONTRACT

### LIBEL TO St. Louis Post Dispatch, September 20, 2010

### (Missouri Law- All Defendants)

41.   There was a binding agreement between Plaintiff and Defendants.

42.   The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

43.   Defendants breached that agreement.

44.   Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

   a.  Compensatory damages for his actual damages

   b.  His litigation fees and the costs and expenses of this action;

   c.  Punitive damages, and

   d.  Such other relief as the Court deems just and equitable.

### COUNT III: LIBEL TO KSDK 5, September 20, 2010

### (Missouri Law- All Defendants)

45.   Defendants published the defamatory statements.

46.   The publication identifies Plaintiff.

47.   The statements are false and inaccurate.

48.   The publications were made maliciously and with calculated intent.

49.     As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.     Compensatory damages for his actual damages

b.     His litigation fees and the costs and expenses of this action;

c.     Punitive damages, and

d.     Such other relief as the Court deems just and equitable.

## COUNT IV: BREACH OF CONTRACT

### LIBEL TO KSDK 5, September 20, 2010

#### (Missouri Law- All Defendants)

50.     There was a binding agreement between Plaintiff and Defendants.

51.     The rights of the plaintiff and obligations of the defendants under the terms of that
         agreement were clear and known to both parties.

52.     Defendants breached that agreement.

53.     Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.     Compensatory damages for his actual damages

b.     His litigation fees and the costs and expenses of this action;

c.     Punitive damages, and

d.     Such other relief as the Court deems just and equitable.

### COUNT V: LIBEL TO FOX 2 KTVI St. Louis, September 20, 2010

#### (Missouri Law- All Defendants)

54.     Defendants published the defamatory statements.

55.     The publication identifies Plaintiff.

56.    The statements are false and inaccurate.

57.    The publications were made maliciously and with calculated intent.

58.    As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

### COUNT VI: BREACH OF CONTRACT

### LIBEL TO FOX 2 KTVI St. Louis, September 20, 2010

### (Missouri Law- All Defendants)

59.    There was a binding agreement between Plaintiff and Defendants.

60.    The rights of the plaintiff and obligations of the defendants under the terms of that

agreement were clear and known to both parties.

61.    Defendants breached that agreement.

62.    Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

## COUNT VII: LIBEL TO KMOV 4 St. Louis, September 20, 2010

### (Missouri Law- All Defendants)

63.     Defendants published the defamatory statements.

64.     The publication identifies Plaintiff.

65.     The statements are false and inaccurate.

66.     The publications were made maliciously and with calculated intent.

67.     As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.     Compensatory damages for his actual damages

b.     His litigation fees and the costs and expenses of this action;

c.     Punitive damages, and

d.     Such other relief as the Court deems just and equitable.

## COUNT VIII: BREACH OF CONTRACT

### LIBEL TO KMOV 4 St. Louis, September 20, 2010

### (Missouri Law- All Defendants)

68.     There was a binding agreement between Plaintiff and Defendants.

69.     The rights of the plaintiff and obligations of the defendants under the terms of that

agreement were clear and known to both parties.

70.     Defendants breached that agreement.

71.     Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.     Compensatory damages for his actual damages

b.     His litigation fees and the costs and expenses of this action;

c.　　Punitive damages, and

d.　　Such other relief as the Court deems just and equitable.

### COUNT IX: LIBEL TO KPLR 11 St. Louis, September 20, 2010

### (Missouri Law- All Defendants)

72.　　Defendants published the defamatory statements.

73.　　The publication identifies Plaintiff.

74.　　The statements are false and inaccurate.

75.　　The publications were made maliciously and with calculated intent.

76.　　As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.　　Compensatory damages for his actual damages

b.　　His litigation fees and the costs and expenses of this action;

c.　　Punitive damages, and

d.　　Such other relief as the Court deems just and equitable.

### COUNT X: BREACH OF CONTRACT

### LIBEL TO KPLR 11 St. Louis, September 20, 2010

### (Missouri Law- All Defendants)

77.　　There was a binding agreement between Plaintiff and Defendants.

78.　　The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

79.　　Defendants breached that agreement.

80.　　Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Compensatory damages for his actual damages

b. His litigation fees and the costs and expenses of this action;

c. Punitive damages, and

d. Such other relief as the Court deems just and equitable.

### COUNT XI: LIBEL TO JEFFERSON COUNTY SHERIFF, April 29, 2011

#### (Missouri Law- All Defendants)

81. Defendants published the defamatory statements.

82. The publication identifies Plaintiff.

83. The statements are false and inaccurate.

84. The publications were made maliciously and with calculated intent.

85. As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Compensatory damages for his actual damages

b. His litigation fees and the costs and expenses of this action;

c. Punitive damages, and

d. Such other relief as the Court deems just and equitable.

### COUNT XII: BREACH OF CONTRACT

### LIBEL TO JEFFERSON COUNTY SHERIFF, April 29, 2011

#### (Missouri Law- All Defendants)

86. There was a binding agreement between Plaintiff and Defendants.

87. The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

88. Defendants breached that agreement.

89.    Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

### COUNT XIII:

### LIBEL TO MISSISSIPPI COUNTY FAMILY SERVICES - April 29, 2011

### (Missouri Law- All Defendants)

90.    Defendants published the defamatory statements.

91.    The publication identifies Plaintiff.

92.    The statements are false and inaccurate.

93.    The publications were made maliciously and with calculated intent.

94.    As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

### COUNT XIV: BREACH OF CONTRACT

### LIBEL TO MISSISSIPPI COUNTY FAMILY SERVICES - April 29, 2011

### (Missouri Law- All Defendants)

95.    There was a binding agreement between Plaintiff and Defendants.

96.     The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

97.     Defendants breached that agreement.

98.     Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.     Compensatory damages for his actual damages

b.     His litigation fees and the costs and expenses of this action;

c.     Punitive damages, and

d.     Such other relief as the Court deems just and equitable.

### COUNT XV: LIBEL TO KSDK 5, April 29, 2011

### (Missouri Law- All Defendants)

99.     Defendants published the defamatory statements.

100.    The publication identifies Plaintiff.

101.    The statements are false and inaccurate.

102.    The publications were made maliciously and with calculated intent.

103.    As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.     Compensatory damages for his actual damages

b.     His litigation fees and the costs and expenses of this action;

c.     Punitive damages, and

d.     Such other relief as the Court deems just and equitable.

### COUNT XVI: BREACH OF CONTRACT

### LIBEL TO KSDK 5, April 29, 2011

### (Missouri Law- All Defendants)

104.   There was a binding agreement between Plaintiff and Defendants.

105.   The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

106.   Defendants breached that agreement.

107.   Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.   Compensatory damages for his actual damages

b.   His litigation fees and the costs and expenses of this action;

c.   Punitive damages, and

d.   Such other relief as the Court deems just and equitable.

### COUNT XVII: LIBEL TO FOX 2 KTVI St. Louis, April 29, 2011

### (Missouri Law- All Defendants)

108.   Defendants published the defamatory statements.

109.   The publication identifies Plaintiff.

110.   The statements are false and inaccurate.

111.   The publications were made maliciously and with calculated intent.

112.   As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.   Compensatory damages for his actual damages

b.   His litigation fees and the costs and expenses of this action;

c.     Punitive damages, and

d.     Such other relief as the Court deems just and equitable.

## COUNT XVIII: BREACH OF CONTRACT

### LIBEL TO FOX 2 KTVI St. Louis, April 29, 2011

#### (Missouri Law- All Defendants)

113.    There was a binding agreement between Plaintiff and Defendants.

114.    The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

115.    Defendants breached that agreement.

116.    Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

### COUNT XIX: LIBEL TO KMOV 4 St. Louis, April 29, 2011

#### (Missouri Law- All Defendants)

117.    Defendants published the defamatory statements.

118.    The publication identifies Plaintiff.

119.    The statements are false and inaccurate.

120.    The publications were made maliciously and with calculated intent.

121.    As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

### COUNT XX: BREACH OF CONTRACT

### LIBEL TO KMOV 4 St. Louis, April 29, 2011

### (Missouri Law- All Defendants)

122.    There was a binding agreement between Plaintiff and Defendants.

123.    The rights of the plaintiff and obligations of the defendants under the terms of that
agreement were clear and known to both parties.

124.    Defendants breached that agreement.

125.    Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

### COUNT XXI: LIBEL TO KPLR 11 St. Louis, April 29, 2011

### (Missouri Law- All Defendants)

126.    Defendants published the defamatory statements.

127.    The publication identifies Plaintiff.

128.    The statements are false and inaccurate.

129.    The publications were made maliciously and with calculated intent.

17

130. As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Compensatory damages for his actual damages

b. His litigation fees and the costs and expenses of this action;

c. Punitive damages, and

d. Such other relief as the Court deems just and equitable.

## COUNT XXII: BREACH OF CONTRACT

### LIBEL TO KPLR 11, April 29, 2011

#### (Missouri Law- All Defendants)

131. There was a binding agreement between Plaintiff and Defendants.

132. The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

133. Defendants breached that agreement.

134. Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Compensatory damages for his actual damages

b. His litigation fees and the costs and expenses of this action;

c. Punitive damages, and

d. Such other relief as the Court deems just and equitable.

## COUNT XXIII: ABUSE OF PROCESS
### (Missouri Law- All Defendants)

135.  Defendants' action in instigating criminal prosecution against Plaintiff was with the purpose of pre-empting prosecution of and attention to their own negligent breach of their duties. Defendants had no probable cause.

136.  Defendants made an illegal, improper and perverted use of process, a use neither warranted nor authorized by the process.

137.  Defendants had an improper purpose in exercising such illegal, perverted or improper use of process.

138.  As a result of Defendants' actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.  Compensatory damages for his actual damages

b.  His litigation fees and the costs and expenses of this action;

c.  Punitive damages, and

d.  Such other relief as the Court deems just and equitable.

### COUNT XXIV: MALICIOUS PROSECUTION
### (Missouri Law- All Defendants)

139.  Defendants' action in instigating criminal prosecution against Plaintiff was with the purpose of pre-empting prosecution of and attention to their own negligent breach of their duties. Defendants had no probable cause.

140.  Defendants commenced a prosecution against the plaintiff.

141.  The legal causation and instigation of these proceedings were Defendants solely.

142.  The proceedings terminated in favor of Plaintiff.

143.  Defendants' prosecution was in want of probable cause.

144.  Defendants' conduct was actuated by malice.

145.    As a result of Defendants' actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

## COUNT XXV: WRONGFUL ARREST
### (Missouri Law- All Defendants)

146.    Defendants' action in instigating criminal prosecution against Plaintiff was with the purpose of pre-empting prosecution of and attention to their own negligent breach of their duty. Defendants had no probable cause.

147.    Defendants were the sole cause of Plaintiff's arrest.

148.    Defendants' prosecution was in want of probable cause.

149.    Defendants' conduct was actuated by malice.

150.    As a result of Defendants' actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

## COUNT XXVI: WRONGFUL IMPRISONMENT
### (Missouri Law- All Defendants)

151.    Defendants' action in instigating criminal prosecution against Plaintiff was with the purpose of pre-empting prosecution of and attention to their own negligent breach of their duty. Defendants had no probable cause.

152.    Defendants were the sole cause of Plaintiff's imprisonment.

153.    Defendants' prosecution was in want of probable cause.

154.    Defendants' conduct was actuated by malice.

155.    As a result of Defendants' actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

### COUNT XXVII: BREACH OF DUTY OF CARE
### (Missouri Law- All Defendants except Frank)
### (Duty to control college publications)

156.    All defendants, except Defendant Frank, owe a duty of care to Plaintiff to stop the disturbing publications.

157.    Defendants were negligent in considering this duty.

158.    As a result Plaintiff has been damaged.

159.    This breach was the cause in fact and proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.      Such other relief as the Court deems just and equitable.

## COUNT XXVIII: BREACH OF DUTY OF CARE-SPECIAL TO THE PLAINTIFF OF FORMER SIMILAR LAWSUITS
### (Duty to control college publications)
### (Missouri Law- All Defendants except Frank)

160.    All defendants, except Defendant Frank, owe a duty of care to Plaintiff to stop the disturbing publications. Specifically that plaintiff had sued them previously for similar causes.

161.    Defendants were negligent in considering this duty.

162.    Especially defendants were negligent in considering this duty after being informed about their on-going effects.

163.    This breach was the cause in fact and proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.      Compensatory damages for his actual damages

b.      His litigation fees and the costs and expenses of this action;

c.      Punitive damages, and

d.      Such other relief as the Court deems just and equitable.

## COUNT XXIX: BREACH OF DUTY OF CARE
### (Missouri Law- All Defendants except Frank)
### (Dissemination of Nude Photos of Students)

164.    All defendants, except Defendant Frank, owe a duty of care to Plaintiff to stop the

flow of nude photos to him.

165.    Defendants were negligent in considering this duty.

166.    As a result Plaintiff has been damaged.

167.    This breach was the cause in fact and proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

### COUNT XXX: BREACH OF DUTY OF CARE-SPECIAL TO THE PLAINTIFF OF FORMER SIMILAR LAWSUITS
### (Missouri Law- All Defendants except Frank)
### (Dissemination of Nude Photos of Students)

168.    All defendants, except Defendant Frank, owe a duty of care to Plaintiff to stop the flow of nude photos to him. Specifically that plaintiff had sued them previously for similar causes and they have a commitment to do so.

169.    Defendants were negligent in considering this duty.

170.    Especially defendants were negligent in considering this duty after being informed about their on-going effects.

171.    This breach was the cause in fact and proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.    Compensatory damages for his actual damages

b.    His litigation fees and the costs and expenses of this action;

c.    Punitive damages, and

d.    Such other relief as the Court deems just and equitable.

Dated: May 27th 2011

Respectfully Submitted

Alireza Bakhtiari, Plaintiff in *Pro Se*
PO Box 18601
St. Louis, MO 63118
Mobile Phone:314-277-1958
Email: al_bakt@hotmail.com