IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALIREZA BAKHTIARI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:11-CV-000971-SNLJ |
| PATRICIA LEADER FRANK AL- KHALEDY, et. al. | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

> *"Plaintiff, a world-traveler, could have allegedly destroyed electronic or paper-based evidence in Europe, in middle-east or midair across Atlantic in the airplane."* [1]

### DEFENDANT MISSOURI COLLEGE, INC.'S MOTION FOR EXPEDITED DISCOVERY AND ENTRY OF PROTECTIVE ORDER

Defendant Missouri College, Inc., incorrectly identified as "Missouri College" (hereinafter referred to as "Moving Defendant" or "Missouri College") respectfully requests that this Court, pursuant to Federal Rules of Civil Procedure 33(b)(3), 34(b), and 26, enter an Order directing Plaintiff to comply with Missouri College's limited initial discovery requests in order to preserve and examine any electronically stored information currently in existence.

Missouri College also seeks a Protective Order to preserve any and all evidence, electronic or otherwise, which constitutes the subject matter of discovery. As more fully explained below and in the attached Memorandum in Support hereof, Missouri College has already suffered irreparable injury, loss and damages by virtue of Plaintiff's spoliation of

---

[1] Plaintiff's "Combined" Memorandum in Opposition to Defendants' Motions to Dismiss, Dkt. 36, p. 20.

SLC-6404564-1

evidence, and will continue to suffer further damage if this request is not complied with on an expedited basis:

1. Plaintiff's Complaint contains numerous allegations, including counts of "Libel" breach of contract, abuse of process, malicious prosecution, wrongful arrest, wrongful imprisonment and other claims.

2. Plaintiff has been described as a "cyber forensics expert" in two television news reports regarding his role in resolving incidents involving Craigslist. Plaintiff has never denied such a label, to the knowledge of Missouri College. He is, at the very least, presumed to be skilled at the creation, modification, and destruction of electronic evidence.

3. Evidence suggests that someone may have created emails purporting to be sent by others to Plaintiff. Plaintiff has destroyed the electronic versions of some of those emails, leaving only hard-copy "paper" versions of some of the purported messages, thwarting the forensic examination and/or tracing of such messages to the real creator/sender. These emails are critical evidence in the present case, assuming they ever existed.

4. Central to Plaintiff's claims are his allegations that he is receiving telephone calls and emails from students emailing "nude photographs" to him and seeking positions as massage therapists or dancers in Las Vegas. *See* Complaint, ¶ 16. These messages come from very young women, arguably unsophisticated. Plaintiff claims that these requests continue "as of the day" of the filing of the Complaint. *Id*. To date, all of the young women identified by Plaintiff are minorities.

5. At least two of the alleged student emails with "nude photographs" appear fabricated. In all likelihood, more were fabricated. While some evidence of this fabrication has already been obtained by Missouri College, the collection of additional evidence has been

- 2 -

SLC-6404564-1

thwarted by Plaintiff's spoliation.  Two of the students have denied sending the emails produced by Plaintiff to Missouri College only in hard copy (the others have not been contacted).  Those two deny even *knowing* Plaintiff.  As is more fully explained in the memorandum accompanying this motion, evidence exists raising the question of whether the emails were fabricated as paper documents and may have never existed as electronic messages in the format produced by Plaintiff.  More critically for purposes of this motion, **Plaintiff has admitted that he destroyed the electronic versions of these emails**.

6. Moreover, in his recently filed Memorandum in Opposition to Defendants' Motions to Dismiss, Plaintiff does not refute the claim that he failed to preserve emails in their native electronic format.  Rather, he focuses on "venue" issues (presumably intending to argue against the applicability of Illinois law to these claims).  *See* Plaintiff's "Combined" Memorandum in Opposition to Defendants' Motions to Dismiss, p. 18.  More troubling, Plaintiff states, in part, as follows:

> Plaintiff, a world-traveler, could have allegedly destroyed electronic or paper-based evidence in Europe, in middle-east or midair across Atlantic in the airplane.

*See* Plaintiff's "Combined" Memorandum in Opposition to Defendants' Motions to Dismiss, Dkt No. 36, p. 20 (not received by counsel for Missouri College until Saturday, July 9, 2011).

7. Also central to Plaintiff's claims is a purported letter, unsigned, on outdated Missouri College letterhead, allegedly sent to the Jefferson County Sheriff on April 29, 2011.  That unsigned letter, according to Plaintiff's Complaint, caused him to be arrested, imprisoned and prosecuted.  *See* Complaint, ¶ 30.

8. The letter allegedly sent to the Jefferson County Sheriff on outdated Missouri College letterhead may also be a fabrication.  According to the Jefferson County Sheriff's

Department, no such letter was received and Plaintiff has not been interrogated, arrested or prosecuted because of that phantom letter.  In response to a Sunshine Act request, the Sheriff's Department denies even having any records/files pertaining to Plaintiff, under the name Alireza Bakhtiari or similar alias names, during the relevant time period.   The letterhead on this fabricated letter was taken out of service last year, but was in use in 2009 when Plaintiff was employed at Missouri College as an instructor.

9.      Someone created a phony email in 2009 which transmitted compromising photographs purported to be of a colleague that Plaintiff had dated, Defendant Patricia Leader Frank (named in the Complaint as Patricia Leader Frank Al-Khaledy).  Ms. Frank denies that the photographs were of her.  When confronted about it, Plaintiff said that he had similar photographs emailed from Ms. Frank, and promised to show them to Missouri College's President, Karl Petersen, on the spot.   Plaintiff could not produce them.  (He did, however, produce compromising electronic photographs of other women who he claimed were former girlfriends.)  This suggests that Plaintiff failed to preserve, refused to produce, or misled Missouri College about the existence of these purported emails and photographs relating to Ms. Frank, which were a critical component to an investigation at the College.

10.     Letters dated "April 29 of 2011" purporting to be on Missouri College letterhead, and allegedly sent not only to the Jefferson County Sheriff but to several television stations and the *St. Louis Post Dispatch,* may have been created by someone in a twisted attempt to generate a purported basis for a lawsuit.  To be sure, Plaintiff believes that these unsigned letters on outdated letterhead create evidence for Plaintiff's libel claim.  Conveniently, the letters are not signed by anyone at Missouri College.  More importantly, this letterhead was taken out of service

by Missouri College last year, but was in use during Plaintiff's employment.  <u>Plaintiff had access to this letterhead when employed in 2009</u>.

11. Other events which Missouri College believes are linked to Plaintiff suggest that Plaintiff has sent email without disclosing his true identity. In the case *Alireza Bakhtiari v. Paul Lutz, the Board of Curators of the University of Missouri, and the Curators of the University of Missouri*, this Court entered judgment on September 15, 2006, in favor of defendants.  Judge Fleissig's opinion includes the following passage:

> **[I]t is undisputed that an undergraduate student did complain about emails sent to her by Plaintiff without disclosing his true identity, and that the matter was serious enough to cause a police investigation.** That Plaintiff elected, as a result of the investigation, to take steps to resolve the matter to the satisfaction of the police in no way suggests that this was not considered a serious matter by Dean Lutz.

*See* Memorandum and Order dated September 15, 2006, Dkt. No. 101 in Cause No. 4:04-cv-01071-AGF, p. 21 (emphasis added).

12.  Reports indicate that about one year later, after Plaintiff had settled an unrelated lawsuit against curators at a different college, *Alireza Bakhtiari v. Paul Lutz, The Board of Curators of the University of Missouri, and the Curators of the University of Missouri*, Cause No. 4:04-cv-01071-AGF, an email message from "umrwatchdog@hotmail.com" went to certain recipients at that institution.  These reports indicate that, like ███████████████████ "umrwatchdog@hotmail.com" bragged of an enormous settlement, which was many times larger than reality. ████████████████

- 5 -

SLC-6404564-1

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████.

13.     Previously, and in the present action, Plaintiff has provided false information to this Court. In the case *Bakhtiari v. Missouri College, et al.*; Case No. 10-cv-1856SNLJ, Plaintiff's Complaint contained the following allegations:

> 18. On or about August 2010, Plaintiff was contacted by the St. Louis County (Missouri) Prosecutor to testify as a fact witness against Frank and her husband in a felony trial of Frank and her husband in St. Louis County. Plaintiff appeared and delivered testimony.
>
> 19. On or about August 2010, Plaintiff was contacted by the Lincoln County (Missouri) Prosecutor to testify as a fact witness against Frank and her husband in a felony trial of Frank and her husband in Lincoln County. Plaintiff appeared and delivered testimony.

*See* Complaint, Case No. 10-cv-1856SNLJ, ¶¶ 18-19. Plaintiff asserts these same allegations in paragraphs 19 and 20 of the present action. Plaintiff did not testify at any such trials. Indeed, there were <u>no</u> trials. These allegations are false, as explained in the memorandum filed concurrently herewith.

**WHEREFORE**, in light of Plaintiff's prior false statements to this Court, his reported expertise in cyber forensics, his admitted failure to preserve critical electronic evidence relevant to allegations asserted in the Complaint herein (counts I through X), his history of sending email without revealing his true identity, and a host of other reasons more fully explained in the accompanying memorandum, Missouri College moves this Court to grant expedited, phased discovery and to issue the following orders:

(a)     A protective order directing Plaintiff to preserve all evidence relating to the claims in Plaintiff's Complaint, including, without limitation, electronically stored information and e-mails (to be maintained in native format) as further outlined in the order proposed by Missouri College (attached);

    (b)      An order allowing Missouri College to issue Rule 45 subpoenas to Craigslist and to email and telephone service providers utilized by Plaintiff

        i.      to produce each of the purported e-mails described in the Complaint, or otherwise received from any current or former student, in their original, native electronic format, as well as all copies of the purported e-mails in electronic or hard-copy form;

        ii.      respond to Missouri College's limited, initial discovery requests; and

        iii.      produce all computers and any and all electronic storage devices that Plaintiff has or has utilized during the time period of January 1, 2009 to present for inspection and forensic imaging;

      all within three (3) days of this Court's order.

    (c)      An order allowing Missouri College to issue Rule 45 subpoenas to Plaintiff's telephone company(ies) and to Craigslist.

The relief sought by Missouri College is outlined in the Proposed Order, labeled as Exhibit I and includes copies of Missouri College's proposed limited discovery. Exhibit I is incorporated herein by this reference.[2]

          Respectfully submitted,

          HUSCH BLACKWELL LLP

          By: /s/ Bradley S. Hiles
              Bradley S. Hiles, #28907MO
              brad.hiles@huschblackwell.com
              Glennon P. Fogarty, #42983MO
              glennon.fogarty@huschblackwell.com
              Anthony G. Grice, #61929MO
              anthony.grice@huschblackwell.com
              190 Carondelet Plaza, Suite 600
              St. Louis, MO 63105
              Telephone:  (314) 480-1500
              Fax:  (314) 480-1505
          *Attorneys for Defendant Missouri College, Inc.*

---

[2] Exhibits A through H were utilized in prior filings by Missouri College in this action.  As a result, the first exhibit cited herein is referenced as Exhibit I, which comprises a proposed protective order and order providing for expedited discovery, as  well as Missouri College's initial limited discovery.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically with the Court's CM/ECF system and served upon:

Paul F. Devine, Esq.
Vatterott, Harris, Devine & Kwentus, P.C.
2458 Old Dorsett Road, Suite 230
Maryland Heights, Missouri 63043
314-770-2100
314-770-9330 (fax)
Counsel for Defendant Patricia Leader Frank Al-Khaledy

and was served by First Class U.S. mail upon:

Alireza Bakhtiari
P.O. Box 18601
St. Louis, Missouri  63108

on this 12th day of July, 2011.

/s/ Bradley S. Hiles