**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALIREZA BAKHTIARI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:11-CV-971 SNLJ** |
| | ) | |
| **PATRICIA LEADER FRANK** | ) | |
| **AL-KHALEDY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM**</u>

Plaintiff Alireza Bakhtiari, proceeding pro se, filed his thirty-count complaint against defendants Patricia Leader Frank Al-Khaledy ("Leader"), Missouri College Inc., and Missouri College's president Karl Petersen alleging libel, breach of contract, malicious prosecution, wrongful arrest, wrongful imprisonment, and other breaches of duties.  Each defendant has filed a separate motion to dismiss (#16, #20, #22), and plaintiff has responded.

**I.       Background**

Plaintiff's complaint recounts a bizarre tale that, for the purposes of the defendants' motions to dismiss, this Court must take at face value.  Plaintiff alleges that he worked as a faculty member in defendant Missouri College's business management department from November 2008 until April 2009.  At some point, plaintiff brought claims against Missouri College to the Missouri Commission on Human Rights, and those claims were resolved in mediation.  During that time, plaintiff also brought malicious prosecution claims in state court against defendant Leader, who was a department chair at Missouri College, and with whom plaintiff alleges he had a one-month-long affair.  Plaintiff alleges that lawsuit was also "resolved

by intervention of Missouri College for the benefits of a global release."  Settlement agreements were allegedly born from those litigations, and plaintiff alleges that Missouri College and Leader executed "explicit non-disparagement clauses" in both.

Then, plaintiff alleges, in early 2010, present and former Missouri College students began contacting him with inquiries about job opportunities in Las Vegas, Nevada.  Those students emailed their nude photographs to plaintiff and suggested he employ them as massage therapists or dancers.  Plaintiff alleges that he does have an office in Las Vegas, but that its function is to "serve[] patent litigation for pharmaceutical industries."  Thus, plaintiff informed Missouri College's legal counsel of the "possible dissemination of false information or job postings" on campus.

Later, in August 2010, plaintiff twice testified against defendant Leader's husband in felony trials in St. Louis and Lincoln Counties.  Plaintiff also testified against defendant Leader's husband in deportation proceedings in August 2010.  Plaintiff alleges that, shortly thereafter, on September 20, 2010,  "Defendants published a maliciously defamatory letter" to four television news stations in St. Louis and to the *St. Louis Post-Dispatch*.  Plaintiff states that the "September 20 Letter" attacked his character and accused him of trafficking women, including students, for sex.

Then, plaintiff alleges that, on April 29, 2011, "Defendants published a maliciously defamatory letter" to the local news outlets, to Mississippi County Family Services, and to the Jefferson County Sheriff, which also attacked his character, accused him of abusing a minor child, and accused him of being a sex trafficker.  Plaintiff alleges that, as a result of that "April 29 Letter," the Jefferson County Sheriff wrongfully investigated, arrested, imprisoned, and

2

prosecuted him, but that ultimately the Jefferson County Sheriff determined the nature and content of the publications to be "retaliatory and false."

Plaintiff alleges that defendants Leader, Missouri College, and Petersen (President of Missouri College) published the letters in retaliation for his litigation against Leader and Missouri College and also in retaliation against plaintiff's testimony against Leader's husband. Plaintiff further alleges that his "cardiac conditions" were known to defendants and that his medical conditions, income, and lifestyle have been affected by their actions.

Plaintiff's thirty counts[1] may be summarized as follows:

- Counts 1-10: five libel counts related to the September 20, 2010 publication and breach of contract counts for each of the five libel counts.

- Counts11-20: five libel counts related to the April 29, 2011 publication and breach of contract counts for each of the five libel counts.

- Count 23 – abuse of process

- Count 24 – malicious prosecution

- Count 25 – wrongful arrest

- Count 26 – wrongful imprisonment

- Counts 27-30: breaches of duties of care

Each of the counts is against all defendants, except Counts 27 through 30 are against Missouri College and Petersen alone.

_____

[1]Plaintiff styled his thirty counts as Roman numerals I though XXX.  Due to the large number of counts, and for ease of reference, the Court has converted those counts to Arabic numerals 1-30.

3

## II.     Legal Standard

Defendants Leader, Peterson, and Missouri College seek dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations

omitted).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the

factual content . . . allows the court to draw the reasonable inference that the respondent is liable

for the misconduct alleged."  *Cole v. Homier Dist. Co., Inc*., 599 F.3d 856, 861 (8th Cir. 2010)

(quoting  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial

plausibility of a claim, the Court must "accept the allegations contained in the complaint as true

and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v.

Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  Finally, where a court can infer from those

factual allegations no more than a "mere possibility of misconduct," the complaint must be

dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).

## III.    Discussion

### A.    Defendant Missouri College's Partial Motion to Dismiss

Defendant Missouri College seeks dismissal pursuant to Rule 12(b)(6) of Counts 1-10,

12, 14, 16, 18, 20, and 22-26.

#### 1.    Counts 1-10 against Defendant Missouri College

Plaintiff's Counts 1-10 for libel and breach of contract are taken verbatim from plaintiff's

October 2010 complaint against defendant Missouri College in Case No. 4:10cv1856.  Those

claims were dismissed, with prejudice, by this Court on March 28, 2011, pursuant to a

confidential settlement agreement between plaintiff and Missouri College ("March 2011

Agreement").  Missouri College therefore contends that the doctrine of *res judicata* prevents

plaintiff from re-litigating those ten counts in this case and that they should be dismissed.

Missouri College also argues that the plaintiff released it from liability based on those counts in

the March 2011 Agreement.  The Court need not address Missouri College's second argument

justifying dismissal of Counts 1-10, however, because *res judicata* clearly applies.

    The doctrine of *res judicata* precludes parties from contesting matters that the parties

have previously had a full and fair opportunity to litigate. *Brown v. Simmons*, 335 S.W.3d 481,

485 (Mo. App. 2010). The doctrine requires that a final judgment on the merits, rendered by a

court of competent jurisdiction, bars subsequent actions between the parties on the same claims.

*See, e.g.*, *Bachman v. Bachman*, 997 S.W.2d 23, 25 (Mo. App. 1999).  Here, Counts 1-10  were

asserted verbatim in a previous lawsuit by this plaintiff against Missouri College and Career

Education Corporation.  The plaintiff, by consent motion, moved to dismiss all of his claims with

prejudice.  This Court granted that request.  As such, plaintiff's claims in Counts 1 through 10

are barred by *res judicata*.  *See Stork v. UPS Corp.*, No. 4:10cv909 HEA, 2010 WL 4720053, *2

(E.D. Mo Nov. 15, 2010) (a dismissal with prejudice operates as a rejection of the plaintiffs

claims on the merits and *res judicata* precludes further litigation) (citing *Jaramillo v. Burkhart*,

59 F.3d 78, 79 (8th Cir.1995)).

    Plaintiff now contends that the matter was "not litigated" and "no discovery was

conducted," so *res judicata* should not apply.  Plaintiff is mistaken: the dismissal of his claims

with prejudice means he may not raise those claims again.  Although he may now regret his

decision to dismiss those claims with prejudice, that is of no consequence now.

    Plaintiff also suggests that Missouri College's breach of the March 2011 settlement

agreement vitiates the dismissal with prejudice to which he agreed — but it does not.  Plaintiff

argues that the alleged publication of the "April 29, 2011 Letter" was a manifestation of

Missouri College's intention not to perform its obligations under the March 2011 Agreement;

thus, plaintiff contends, Missouri College has repudiated the March 2011 Agreement, and he says his previously dismissed claims are revived. Plaintiff misunderstands the doctrine of anticipatory repudiation. *See* Restatement (Second) of Contracts, § 253 (2011) ("Where an obligor repudiates a duty before he has committed a breach by non-performance and before he has received all of the agreed exchange for it, his repudiation alone gives rise to a claim for damages for total breach."). Here, plaintiff has not pleaded anticipatory repudiation, and even if he had, the damages available to him are the same as those available for breach of contract. Plaintiff's remedy for any perceived breach of the March 2011 settlement agreement is not to re-plead his previously dismissed Counts 1 through 10, but rather to bring a breach of contract claim against the College. But plaintiff has not even pleaded the existence of the March 2011 Agreement, let alone has he pleaded any breach of it. Plaintiff's Counts 1 through 10 will be dismissed with prejudice as to defendant Missouri College.

**2.     Counts 12, 14, 16, 18, 20, and 22 (the Remaining Breach of Contract Claims)**

Next, Missouri College argues that plaintiff has failed adequately to plead his remaining breach of contract claims. A plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To state a cause of action for breach of contract, plaintiff must allege: (1) a valid and enforceable contract between the plaintiff and defendant; (2) the rights of plaintiff and the obligations of defendant thereunder; (3) a violation thereof by defendant; and (4) damages resulting to plaintiff from the breach. *Teets v. American Family Mut. Ins. Co* ., 272 S.W.3d 455, 461 (Mo. App. 2008); *Trotter's Corporation v. Ringleader Restaurants, Inc*., 929 S.W.2d 935, 941 (Mo. App.

7

1996).  A party "fails to state a claim for breach of contract [if] it does not set out [the claimant's] rights or [the defendant's] obligations under the contract." 929 S.W.2d at 941. Vague references to unspecified "agreements" are insufficient.  *See Midwest Special Surgery, P.C. v. Anthem Ins. Cos.*, No. 4:9cv646 TIA, 2010 WL 716105, at *6 (E.D. Mo. Feb. 24, 2010) (breach of contract allegations dismissed in light of the plaintiffs' failure to identify these contracts with sufficient specificity and vague references to the "terms" of the alleged contract); *see also Collins v. Allstate Indemn. Co.*, 2010 WL 147969 *2 (N.D. Cal. 2010) ("Plaintiffs fail to allege which provision of the insurance policy Allstate is alleged to have breached. The absence of such allegations fails to comport with *Twombly*").

General allegations pertinent to plaintiff's breach of contract claims are as follows: Plaintiff refers to two settlement agreements — one entered into with Missouri College as a result of his complaint to the Missouri Commission on Human Rights, and the other with defendant Leader (and possibly the College) as a result of his separate state court action against her.  Plaintiff alleges that "[i]n the two settlement documents, mentioned above, Plaintiff and Missouri College...executed explicit non-disparagement clauses."  Plaintiff does not mention his earlier federal lawsuit against Missouri College or that lawsuit's resulting settlement agreement. Plaintiff alleges that he called Missouri College's legal counsel "and warned the Defendants of possible dissemination of false information or job postings on their campuses[.]" He also states that the "Defendants published a maliciously defamatory letter" to the various news outlets on September 20, 2010 that attacked his character and accused him of "trafficking women including female students for sex."   Plaintiff states that the letter was sent in retaliation for the lawsuits he filed against them and for testifying against plaintiff Leader's husband.  As a result of the alleged

8

publication of that letter, he states he has been bombarded with press inquiries and that he suffers from living "under the stigma" it caused.  Plaintiff also mentions that he has a cardiac condition and a "lack of ability to endure such stresses and other consequences of this action," and that his "medical conditions, income and life style have been" affected.

Then, he alleges that "Defendants published a maliciously defamatory letter" to the various news outlets, the Jefferson County Sheriff, and Mississippi County Family Services on April 29, 2011 that attacked his character and accused him of "abusing [a minor] and again accuse him of being a sex trafficker."  He alleges that "Defendants published this letter in retaliation" for the lawsuits and testimony against Leader's husband.  Plaintiff states that, as a result of the alleged publication of those letters, and in addition to the same lifestyle effects the first alleged publication had, the Jefferson County Sheriff wrongfully arrested, imprisoned, and prosecuted him.

In each Breach of Contract count — each of which is associated with a libel count — plaintiff states only that

- There was a binding agreement between Plaintiff and Defendants.

- The rights of plaintiff and obligations of defendants under the terms of that agreement were clear and known to both parties.

- Defendants breached that agreement.

- Plaintiff's [sic] suffers damages stemming from that breach.

Defendant Missouri College complains that plaintiff does not articulate the identity of the breached agreement(s) for each Count or what the rights and obligations of the parties were under the agreement(s).

Plaintiff states that it is enough that he has alleged that an agreement or agreements existed and that the term breached by Missouri College was a "nondisparagement clause."  As between Missouri College and plaintiff, however, there exist (1) the settlement agreement that was born out of the MCHR proceeding, (2) the March 11, 2011 agreement born out of plaintiff's earlier federal complaint, and, possibly, (3) the settlement agreement that was born out of plaintiff's state court action against Leader (but into which plaintiff alleges Missouri College intervened).   Here, Missouri College cannot even know which of those agreements it is alleged to have breached.

The Court must accept certain allegations in the complaint as true, but the Supreme Court warns against accepting *all* the allegations in the complaint as true. *Iqbal*, 129 S.Ct. at 1951. "Bare assertions" that "amount to nothing more than a formulaic recitation of elements" are "conclusory and not entitled to be assumed true."  *Id.* (internal quotations omitted).  The Court is also mindful that the complaint must give the defendant "fair notice" of the claim and its grounds. *Twombly*, 550 U.S. at 555.   In the context of a breach of contract claim, plaintiff's bare assertion that an agreement existed, that it had a "non-disparagement clause," and that it was breached, is not enough to provide "fair notice," particularly where there is no indication as to what agreement plaintiff claims was breached.  With respect to the necessary elements behind a breach of contract claim, *see Teets*, 272 S.W.3d at 461, plaintiff provides no details regarding the agreements — not the parties to the agreements, not the dates of the agreements, and no information about the rights and responsibilities of the parties under the agreements other than that so-called "non-disparagement clauses" existed.   Plaintiff provides no absolutely information about the non-disparagement clause or any party's rights and obligations under that clause.

Plaintiff's complaint does not comport with the federal pleading standards with respect to each of his remaining breach of contract claims against Missouri College, and they will be dismissed without prejudice.

### 3.    Counts 23-26

Missouri College seeks to dismiss Count 23 (Abuse of process), Count 24 (Malicious prosecution), Count 25 (Wrongful arrest), and Count 26 (Wrongful imprisonment) because, again, the allegations supporting those claims are conclusory.

 For those counts, plaintiff appears to rely on his sparse general allegations that the "April 29, 2011 letter" was sent to the Sheriff's department and that, as a result, the Jefferson County Sheriff "investigated," "wrongfully arrested, imprisoned, and prosecuted" him, but that the Sheriff "determined that the natures [*sic*] and contents of these publications are retaliatory and false."  Then, in each of his four counts related to those allegations, plaintiff essentially recites the elements for each claim.  Once again, plaintiff's bare allegations are legal conclusions that are not entitled to the presumption of truth.  *See Iqbal*, 129 S.Ct. at 1951.  Plaintiff's general allegations — that he was investigated, arrested, imprisoned, and prosecuted — are entirely without supporting detail (such as when, where, and by whom) and themselves constitute legal conclusions.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

Plaintiff contends in his memorandum that Missouri College's complaints about his pleading defects will be remedied in discovery, and plaintiff relies on the outdated "no set of facts" pleading standard set forth in *Conley*, 355 U.S. at 45-46, which was abrogated by *Twombly*, 550 U.S. at 560, in 2007.  Although this Court is mindful that plaintiff need not

provide specific facts to support his allegations, *Erickson*, 551 U.S. at 93, plaintiff "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549 (quoting *Twombly*, 550 U.S. at 555-56 & n.3). Plaintiff has not done so here, and Counts 23 through 26 will be dismissed without prejudice.

### B.    Defendants Petersen and Leader's Motion to Dismiss

Defendants Petersen and Leader have moved to dismiss all of plaintiff's claims against them under Rule 12(b)(6). Because plaintiff's pleading defects apply to both the individual defendants, the Court will address Petersen's and Leader's motions together.[2] Petersen also moved to dismiss for lack of Article III standing under Rule 12(b)(1); however, the Court notes that Petersen's Rule 12(b)(1) standing arguments overlap significantly with his Rule 12(b)(6) arguments.

With respect to plaintiff's breach of contract claims (Counts 2, 4, 6, 8, 10, 12, 14,16, 18, 20, and 22), Leader and Petersen contend that — as with the breach of contract claims against Missouri College — plaintiff pleaded only bare legal conclusions without supporting factual allegations. Indeed, plaintiff's breach of contract claims against those defendants suffer the same inadequacies as do his claims against Missouri College. As to defendant Leader, although plaintiff claims that "agreements" existed between himself and Leader and that the agreements contained "explicit non-disparagement clauses," plaintiff provides absolutely no details

---

[2]Leader suggests that Counts 1 through 10 are barred by the doctrine of *res judicata* because plaintiff previously brought and dismissed with prejudice those claims in Case No. 4:10-cv-1856. However, the Court cannot apply the doctrine of *res judicata* to those claims against Leader because Leader was not a defendant in that case.

regarding the alleged agreements — their dates, the parties to the agreements, what the "non-disparagement clauses" were, or what obligations and rights were conferred on the parties as a result.  As a result, those Counts will be dismissed without prejudice as to defendant Leader.

Plaintiff has pleaded even less with respect to defendant Petersen.  Plaintiff mentions defendant Petersen by name in only one of the complaint's 172 paragraphs.  Plaintiff does not allege that any contract existed between himself and Petersen.  In his response memorandum, plaintiff argues that "Petersen and the College are indistinct," and he encourages the Court to "disregard the corporate form" in this case because "the president of a college is responsible for the [dissemination of] sensitive college publications to the media."  Plaintiff thus appears to argue that this Court should "pierce the corporate veil."[3]  However, plaintiff alleges nothing that would give this Court any reason to pierce the corporate veil in this case.  His argument that Petersen and the College are "indistinct" is completely without merit.

Plaintiff's libel claims against Petersen and Leader are also inadequately pleaded (Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, and 21).  Plaintiff alleges generally that the September 20 Letter and April 29 Letter were published by "Defendants," but plaintiff makes no specific allegations as to either defendant's role in their dissemination.  The letters plaintiff attaches to his complaint are on Missouri College letterhead and are signed "Missouri College," and neither Leader nor

---

[3]"Under the alter ego rule, when a corporation is so dominated by a person as to be a mere instrument of that person and is indistinct from the person controlling it, then the court will disregard the corporate form if to retain it would result in injustice. ... To pierce the corporate veil, a plaintiff must meet a two-part test: first, the corporation must be controlled and influenced by persons or another corporation; second, evidence must establish that the corporate cloak was used as a subterfuge to defeat public convenience, to justify a wrong, or to perpetrate a fraud." *Saidawi v. Giovanni's Little Place, Inc.*, 987 S.W.2d 501, 504-05 (Mo. App.  1999) (quoting *Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp.*, 885 S.W.2d 771, 773-74 (Mo. App. 1994)).

13

Petersen's names appear anywhere on the letters. Plaintiff does not allege in his complaint how either Petersen or Leader were involved in causing the harms he complains of.  Plaintiff argues that his allegations referring to "Defendants" are adequate; however, courts have rejected pleadings that do no more than identify alleged wrongful acts in conclusory fashion without specifically identifying how each defendant is allegedly involved.  *See, e.g.*, *Pugh v. Tribune Co.*, 521 F.3d 686, 701 (7th Cir. 2008); *Buetow v. A.L.S. Enterprises, Inc*., 564 F. Supp. 2d 1038, 1044 (D. Minn. 2008).   With respect to Petersen, plaintiff states that "[g]iven a fair chance of discovery, Plaintiff can present evidence, giving clear inference that Petersen authored and/or allowed and/or encouraged and/or promoted the publications in question," but plaintiff has failed to plead anything allowing the Court to glean that from his complaint.  As for defendant Leader, plaintiff makes numerous arguments in his response memorandum regarding his belief that Leader authored the letter, but, again, plaintiff has not pleaded any such facts in his complaint. Plaintiff has failed to plead his libel claims properly, and they will be dismissed as to defendants Leader and Petersen without prejudice.

Plaintiff's abuse of process, malicious prosecution, wrongful arrest, and wrongful imprisonment claims (Counts 23-26) will also be dismissed for failure to state a claim, as all of those claims against Leader and Petersen fail for the same reason they fail to state a claim against Missouri College.

Plaintiff's Counts 27 through 30 are against Missouri College and Petersen only (but only Petersen moved to dismiss those counts).  Those Counts are for breaches of duties of care owed to him to stop the alleged publications and to stop the alleged flow of nude photographs to him. Plaintiff fails to state an actionable negligence claim against Petersen, however.  Plaintiff must

14

plead the existence of a duty owed by the defendant in order to state a negligence claim. *Hyde v. City of Columbia*, 637 S.W.2d 251, 255 (Mo. App. 1982). However, plaintiff does not attribute or describe any legally recognizable duty owed by Petersen, and Petersen has assumed no duty of care towards plaintiff, by contract or otherwise. *See Meadows v. Friedman R.R. Salvage Warehouse*, 655 S.W.2d 718, 720-21 (Mo. App. 1983) (absent a special circumstance, there exists no general duty to protect a plaintiff against the intentional conduct of an unknown third person). In his response memorandum, plaintiff has cited no law supporting that Petersen had any duty to him to stop the alleged publications or the alleged flow of nude photographs. As a result, the Court will dismiss Counts 27-30 against defendant Petersen.

**IV.    Conclusion**

The Court will dismiss all of plaintiff's counts against Defendants Leader and Petersen without prejudice. Counts 1 through 10 against defendant Missouri College are dismissed with prejudice. Counts 12, 14, 16, 18, 20, and 22-26 against Missouri College are dismissed without prejudice.

Dated this  30th  day of December, 2011.    _____

                                          UNITED STATES DISTRICT JUDGE

15