UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALIREZA BAKHTIARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-971 SNLJ |
| ) | |
| PATRICIA LEADER FRANK ) | |
| AL-KHALEDY, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Alireza Bakhtiari, proceeding pro se, filed his thirty-count complaint against defendants Patricia Leader Frank Al-Khaledy ("Leader"), Missouri College Inc. ("College"), and Missouri College's president Karl Petersen alleging libel, breach of contract, malicious prosecution, wrongful arrest, wrongful imprisonment, and other breaches of duties.  Numerous motions were filed following the defendants' filing of their motions to dismiss.  Each of those still-pending motions is addressed in turn below.

**I.      Defendant College's Motion for Leave to File Oversized Brief (#39).**

This motion will be granted.

**II.     Defendant College's Motion for Expedited Discovery and Entry of Protective Order (#41, #49[1]).**

Defendant College requests that the Court permit the College to engage in limited initial discovery requests in order to preserve and examine any electronically stored information currently in existence.  The College's lengthy motion and supporting memorandum suggests that

---

[1] Missouri College filed one copy of its motion under seal (#41) and another (redacted) copy of its motion not under seal (#49).

plaintiff is skilled in "the creation, modification, and destruction of electronic evidence." The College states that plaintiff has already destroyed electronic versions of emails that may be relevant to this litigation; however, based on the allegations in the College's motion and in its counterclaims against plaintiff, the Court expects that the parties will engage the services of forensic computer experts to retrieve lost data to the extent possible and to utilize third party discovery techniques to obtain data from internet service providers.

The Court notes that "[t]he obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future or current litigation." *E*Trade Securities LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 588 (D. Minn. 2005) (citing *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir.2004); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y.2003)). Plaintiff has therefore been under a duty to preserve evidence for some time now, and he may be subject to sanctions if he has failed to do so.

Defendant College's motion will be granted, and the College's proposed order will be entered separately[2].

### III.   Defendant Leader's Motion to Strike and for Sanctions (#44).

Defendant Leader moves the Court for an order striking Document #33, which is plaintiff's response memorandum in opposition to her motion to dismiss. Leader states that the memorandum contains allegations and conclusions unsupported by facts, evidence, or law, including alleged facts and conclusions about Leader and her family which are "unsupported by any evidence and are malicious and patently false and are intended to harass and embarrass

---

[2]The proposed order required plaintiff to respond within three days of the date of the order. The Court expanded the order's deadlines to 14 days.

defendant Leader."  Further, Leader notes that plaintiff's exhibits attempt to introduce evidence which is outside the scope of his pleadings and which are "potentially scandalous and immaterial."

Federal Rule of Civil Procedure 12(f)(2) states that "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Court is well aware of the defendants' position with regard to the plaintiff's claims: that the plaintiff's entire lawsuit is based on a hoax, that plaintiff himself drafted the letters and e-mails he complains of, and that the plaintiff is using these lawsuits to harass the defendants (and, perhaps, elicit more settlement money).  However, the Court has dismissed (albeit without prejudice) the plaintiff's claims against defendant Leader.  Furthermore, although the Court is struck by the peculiarity of plaintiff's allegations and litigation style generally, plaintiff appears to have carefully filed numerous documents under seal, which mitigates against Leader's claim that the plaintiff seeks to embarrass and harass her.

The Court will not, at this time, penalize plaintiff for vigorously prosecuting his case.  However, if, in the course of what remains of this litigation, it comes to light that the plaintiff has filed pleadings and documents that he knows contain false information, the plaintiff may be subject to severe penalties.[3]  The courts do not take such manipulation of the judicial process lightly.

---

[3]The Court directs plaintiff to read carefully Federal Rule of Civil Procedure 11(b), which  states that "By presenting to the court a pleading, written motion or other paper…an unrepresented party certifies that to the best of the person's knowledge, information and belief…it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Rule 11(c) describes the sanctions that may be ordered by the Court, including monetary penalties such as attorneys' fees.

**IV.    Defendant Leader's Motion to File Sealed Document (#45).**

This motion will be granted.

**V.    Defendant Missouri College's Motion to File Sealed Documents (#47).**

This motion will be granted.

**VI.    Plaintiff's Motion and Memorandum for Entry of Case Management Order (#52).**

This motion is essentially a response to Missouri College's Motion to Expedite.  Plaintiff denies that he has destroyed evidence, and he states that he also desires to commence discovery immediately.  As a result, plaintiff requests that the Court enter a Case Management Order.

In keeping with the Court's usual procedures, the Court will enter an order forthwith setting the case for a Rule 16 conference and instructing the parties to file a joint proposed case management order.

Plaintiff's motion will therefore be denied as moot.

**VII.    Defendants Petersen and College's Motion to File Sealed Documents (#56).**

This motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Missouri College's Motion for Leave to File Oversized Brief (#39) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Missouri College's Motion for Expedited Discovery and Entry of Protective Order (#41, #49) is **GRANTED** in part and **DENIED** in part as moot.  A separate order will be entered.

**IT IS FURTHER ORDERED** that defendant Patricia Leader Frank Al-Khaledy's Motion to Strike and for Sanctions (#44) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Patricia Leader Frank Al-Khaledy's Motion to File Sealed Document (#45) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Missouri College's Motion to File Sealed Documents (#47) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum for Entry of Case Management Order (#52) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that defendants Petersen and Missouri College's Motion to File Sealed Documents (#56) is **GRANTED.**

Dated this  30th  day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE